**HANNI M. FAKHOURY**
California Bar No. 252629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Hanni_Fakhoury@fd.org

Attorneys for Mr. Ramos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GABRIEL CARLOS RAMOS**, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: 08CR0985-JAH <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |

**I.**

**STATEMENT OF FACTS**

On April 1, 2008, a two count indictment was handed down by the July 2007 Grand Jury charging Mr. Ramos with importing 30.24 kilograms of marijuana, in violation of 21 U.S.C. §§ 952, 960 and possession of marijuana with intent to distribute, in violation of 21 U.S.C.§ 841(a)(1).

**II.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Ramos moves for production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). Specifically, Mr. Ramos moves for the production of the following evidence:

1. **Mr. Ramos's Statements.** Mr. Ramos requests the government disclose any and all written, recorded and oral statements made by him, as well any written summaries of his oral statements contained in the handwritten notes of any Government agent. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> of Mr. Ramos's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements. **Mr. Ramos specifically requests any audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements. Furthermore, pursuant to Fed. R. Crim. P. 16(a)(1)(B)(i), Mr. Ramos requests copies of the audio tapes of any taped telephone calls made while he was in custody.**

2. **Arrest Reports, Notes and Dispatch Tapes.** Mr. Ramos also requests that all arrest reports, notes, dispatch or any other tapes and TECS records that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Ramos or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Ramos. <u>See</u> Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 12(I) and 26.2. **Mr. Ramos includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written**.

3. **Brady Material**. Mr. Ramos requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Ramos on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). Further, <u>Brady</u> requires the government disclose any information that may result in a lower sentence under the sentencing guidelines, notwithstanding its advisory nature, because it is exculpatory and/or mitigating evidence.

4. **Mr. Ramos's Prior Record.** Mr. Ramos requests disclosure of his prior criminal record. Fed. R. Crim. P. 16(a)(1)(B). **Specifically, he requests a certified copy of the charging documents, plea and**

1 **sentencing transcripts, and judgment and conviction of any prior conviction used to increase or adjust**
2 **Mr. Ramos's sentence under the advisory guidelines.**

3     5. **<u>Any Proposed 404(b) Evidence.</u>**  Evidence of prior similar acts is discoverable under Fed. R.
4 Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon
5 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
6 general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at
7 trial.  Mr. Ramos requests the government "articulate <u>precisely</u> the evidential hypothesis by which a fact of
8 consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822,
9 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d
10 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).  Mr. Ramos requests **three**
11 **weeks notice before trial** to give the defense time to adequately investigate and prepare for trial.

12     6. **<u>Evidence Seized.</u>**  Mr. Ramos requests production of evidence seized as a result of any search,
13 either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(c).

14     7. **<u>Request for Preservation of Evidence.</u>**  Mr. Ramos specifically requests that all dispatch tapes
15 or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody,
16 or care of the government and which relate to the arrest or the events leading to the arrest in this case be
17 preserved.  This request includes, but is not limited to, any samples of narcotics used to run any scientific
18 tests, all narcotics, the results of any fingerprint analysis, the vehicle involved in the case, the defendant's
19 personal effects, and any evidence seized from the defendant or any third party.  This request also includes
20 any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g.
21 undocumented aliens and transients). It is requested that the prosecutor be ordered to <u>question</u> all the
22 agencies and individuals involved in the prosecution and investigation of this case to determine if such
23 evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

24     8. **<u>Tangible Objects.</u>**  Mr. Ramos requests the opportunity to inspect, copy, and test, as necessary,
25 all other documents and tangible objects, including photographs, books, papers, documents, fingerprint
26 analyses, or copies of portions thereof, which are material to the defense, intended for use in the
27 Government's case-in-chief, or were obtained from or belong to Mr. Ramos. Fed. R. Crim. P. 16(a)(1)(c).
28 //

**Specifically, Mr. Ramos requests color copies of all photographs in this case in the Government's possession**.

9. **TECS Reports**. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Mr. Ramos.

10. **Opportunity to Weigh, View and Photograph the Contraband**. Mr. Ramos hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

11. **DEA 7 Form**. Mr. Ramos requests a copy of the DEA 7 form that should indicate the alleged weight and purity of the contraband in this case.

12. **Narcotics Detector Dog Information**. Mr. Ramos moves for production of all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's reliability.

13. **Expert Witnesses.** Mr. Ramos requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests the notice of expert testimony be provided a minimum of **three weeks prior to trial** so the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

14. **Scientific and Other Information.** Mr. Ramos requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case. See Fed. R. Crim. P. 16(a)(1)(D).

15. *Henthorn* **Material.** Mr. Ramos requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved

in the present case for impeachment material. See <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996) (accord).

16. **Evidence of Bias or Motive to Lie.** Mr. Ramos requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Ramos, or has a motive to falsify or distort his or her testimony.

17. **Impeachment Evidence.** Mr. Ramos requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Ramos. See Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

18. **Evidence of Criminal Investigation of Any Government Witness.** Mr. Ramos requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

19. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.** Mr. Ramos requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

20. **Witness Addresses.** Mr. Ramos requests the name and last known address of each prospective Government witness. Mr. Ramos also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

//

//

21. **Name of Witnesses Favorable to Mr. Ramos.**  Mr. Ramos requests the name of any witness who made an arguably favorable statement concerning Mr. Ramos or who could not identify him or who was unsure of his identity, or participation in the crime charged.

22. **Statements Relevant to the Defense.**  Mr. Ramos requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

23. **Giglio Information & Agreements Between the Government and Witnesses.**  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Ramos requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment. Mr. Ramos also requests discovery regarding any other express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

24. **Informants and Cooperating Witnesses.**  Mr. Ramos requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Ramos.  The Government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Ramos.  Brady v. Maryland, 373 U.S. 83 (1963).

25. **Bias by Informants or Cooperating Witnesses.**  Mr. Ramos requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405

U.S. 150 (1972). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

26. **Jencks Act Material.** Mr. Ramos requests production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Mr. Ramos to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (agent's interview notes reviewed with interviewee subject to Jencks Act).

27. **Residual Request.** Mr. Ramos intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Ramos requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

*Defense counsel has received no discovery in this case.* As more information comes to light, due to the Government providing additional discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Ramos respectfully requests that the Court grant his motion to compel discovery and preserve evidence.

Ally                                                    Respectfully submitted,

Dated: April 28, 2008                    *s/ Hanni M. Fakhoury*
                                          **HANNI M. FAKHOURY**
                                          Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Ramos